Deirdre O'Connor
State Bar No. 169422
deirdre@seamuslaw.com
Matthew Christiana*
matt@seamuslaw.com
Seamus Law, APC
2370 W Carson St., Suite 235
Torrance, CA 90501
Telephone: (310) 780-4522
* admitted *pro hac vice*

Nick Brustin*
nick@nsbcivilrights.com
Anna Benvenutti Hoffmann*
anna@nsbcivilrights.com
Mary Katherine McCarthy*
katie@nsbcivilrights.com
Katrina C. Rogachevsky*
katrina@nsbcivilrights.com
Neufeld Scheck & Brustin, LLP
99 Hudson Street, 8th Floor
New York, New York 10013
Telephone: (212) 965-9081
Facsimile: (212) 965-9084
*admitted *pro hac vice*

*Attorneys for Plaintiffs John Klene and Eduardo Dumbrique*

**UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION**

| | |
|---|---|
| JOHN KLENE, *et al.*,<br><br>   Plaintiffs,<br><br>vs.<br><br>DORAL RIGGS, *et al.*,<br><br>   Defendants. | Case No.: 2:22-cv-08318 DSF (JCx)<br><br>United States Magistrate Judge Jacqueline Chooljian<br><br>**PLAINTIFFS JOHN KLENE AND EDUARDO DUMBRIQUE'S OPPOSITION TO THIRD PARTY SANTO SALAZAR ALVAREZ'S MOTION TO QUASH DEPOSITION SUBPOENA** |

OPPOSITION TO MOTION TO QUASH DEPOSITION SUBPOENA
1

## I. Introduction

Plaintiffs John Klene and Eduardo Dumbrique oppose Third Party Santo Salazar Alvarez's Motion to Quash Plaintiffs' Deposition Subpoena. Plaintiffs' subpoena was properly served and there is no basis to quash. However, a personal medical emergency has made it impossible for counsel for one of the Defendants to cover the deposition, and all parties have agreed to temporarily remove Mr. Alvarez's deposition from the calendar until a new date may be confirmed. Therefore, Plaintiffs respectively move that this Court deny the Motion to Quash and instead compel Mr. Alvarez to confer with Plaintiffs to set a new date and to appear at that date and time. In the alternative, should legal representation not currently be available to Mr. Alvarez, and the Court determine that it would serve the interests of justice to appoint representation for the purposes of this deposition, Plaintiffs request that the Court appoint representation for Mr. Alvarez and set a status conference to ensure the deposition moves forward. In either case, the Motion to Quash must be denied.

## II. Relevant Background

Plaintiffs John Klene and Eduardo Dumbrique were wrongfully convicted of a crime they did not commit, the 1997 murder of Antonio Alarcon, and each spent more than 23 years wrongfully incarcerated. Complaint, ECF No. 1 ("Compl.") ¶ 1. In 2021, a thorough reinvestigation by the Los Angeles District Attorney's Office (LADA) led that office to conclude that the evidence supporting Plaintiffs' convictions was unreliable and Plaintiffs had established their factual innocence. *Id.* at ¶ 2. The Superior Court of California vacated the murder charges and dismissed the charges against both Plaintiffs in the same year. *Id.* at ¶ 123.

LADA found in its reinvestigation that the two key pieces of evidence in the case against Plaintiffs were unreliable. *Id.* at ¶ 122. One of these was the statement of Mr. Alvarez. *Id.* In 1997, Mr. Alvarez was an affiliate of Chad Landrum, the

true perpetrator of the murder of Antonio Alarcon. *Id.* at ¶ 41. Three days after the murder, on July 1, 1997, Mr. Alvarez was arrested on drug- and weapons-related charges. *Id.* at ¶¶ 40, 42. That day, Defendant Doral Riggs, then a detective with the Los Angeles Sheriff's Department, interviewed Mr. Alvarez about the Alarcon murder. *Id.* at ¶ 43. In that interview, Mr. Alvarez provided a facially improbable statement to police incriminating Plaintiffs in the murder and stated that he was attempting to talk his way out of jail. *Id.* at ¶¶ 44-50. At Plaintiffs' criminal trial, however, Mr. Alvarez denied any recollection of relevant knowledge implicating them in the murder. *Id.* at ¶ 112. In its reinvestigation, LADA determined that the statement Mr. Alvarez provided to Defendant Riggs was untrustworthy and could not have been presented in good faith in support of a prosecution. *Id.* at ¶ 122.

### III. The Motion to Quash Must Be Denied and Mr. Alvarez Compelled to Confer with Plaintiffs and Appear at his Deposition

Plaintiffs brought this civil rights lawsuit to hold Defendants accountable for fabricating and suppressing evidence, leading directly to their wrongful convictions and incarceration. Mr. Alvarez is a central witness in this case, as his prior false statement was an essential component of the case against Plaintiffs. Moreover, there is no basis on which to quash the subpoena against Mr. Alvarez. The subpoena was properly served, and Mr. Alvarez does not dispute its service. The date for the deposition was set for September 28, 2023, and Plaintiffs will work with Mr. Alvarez to set a mutually agreeable date for the deposition. As set forth in the accompanying declarations of Plaintiffs' counsel Deirdre O'Connor and Matthew Christiana, there were no threats made against Mr. Alvarez and any documentation of the service of the subpoena was made for that purpose alone. *See* Ex. 1, Decl. of Deirdre O'Connor, Ex. 2, Decl. of Matthew Christiana.

As described, Mr. Alvarez is a key witness with highly relevant information, and Plaintiffs are therefore entitled to subpoena his deposition. "Where a non-party

possesses potentially relevant information, the party seeking discovery may obtain a subpoena for the evidence pursuant to Rule 45." *Roberts v. Cnty. of Riverside*, No. 519CV01877JGBSHK, 2021 WL 5993528, at *6 (C.D. Cal. Oct. 7, 2021) (quoting *Amini Innovation Corp. v. McFerran Home Furnishings, Inc.*, 300 F.R.D. 406, 409 (C.D. Cal. 2014)) (internal quotation marks omitted). As the party challenging the subpoena, Mr. Alvarez bears the burden of demonstrating that "specific prejudice or harm will result if no protective order is granted" *Roberts*, 2021 WL 5993528, at *7 (quoting *In re Transpacific Passenger Air Transportation Antitrust Litig.*, No. C-07-05634 CRB (DMR), 2014 WL 939287, at *1 (N.D. Cal. Mar. 6, 2014)) (internal quotation marks omitted). Mr. Alvarez has not alleged any specific harms that will occur if Plaintiffs are allowed to proceed with his deposition, and cannot, as Plaintiffs seek simply to obtain his sworn testimony.

Plaintiffs are cognizant, as the party seeking discovery, of their obligation to "take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." *Roberts*, 2021 WL 5993528, at *6 (quoting Fed. R. Civ. P. 45). Plaintiffs are willing to take reasonable steps to accommodate Mr. Alvarez if a different date or location would address his concerns. Plaintiffs attempted to communicate as much to Mr. Alvarez, but were unsuccessful in that effort. As discussed more fully below, should the Court determine that it is in the interests of justice to appoint an attorney to represent Mr. Alvarez for the purpose of this deposition, Plaintiffs believe that might facilitate this process. In either case, however, Mr. Alvarez has not, and cannot, demonstrate good cause for the Court to grant his Motion to Quash. Therefore, Plaintiffs request that the Court compel Mr. Alvarez to confer with Plaintiffs to set a new date for his deposition and to appear at that deposition once scheduled.

### IV. In the Alternative, the Court May Appoint Counsel in the Interests of Justice

Mr. Alvarez must be compelled to appear for his deposition. However, if he is not represented by counsel, and counsel is unavailable to him, Plaintiffs believe that all parties would be served by the Court appointing counsel for Mr. Alvarez. When Plaintiffs' attorney served Mr. Alvarez with the deposition subpoena, he asserted that he was represented by counsel. Counsel for Plaintiffs attempted to contact Mr. Alvarez's purported counsel, but were unable to locate anyone representing him. Given that Mr. Alvarez filed his Motion to Quash Subpoena *pro se*, it appears that he does not currently have counsel.

Testifying concerning the events underlying Plaintiffs' wrongful convictions presents possible exposure to criminal liability for Mr. Alvarez. As detailed above, Mr. Alvarez was an associate of Landrum, the true perpetrator of the murder of Alarcon. Moreover, Mr. Alvarez has previously admitted to participating in a separate murder with Landrum only three weeks after the murder of Alarcon. There is reason to believe Mr. Alvarez himself may have been involved in the Alarcon murder that he falsely accused Plaintiffs of committing. Furthermore, given interactions with him to date, Plaintiffs believe it would facilitate the process if Mr. Alvarez had counsel to explain his legal obligations.

Plaintiffs therefore respectfully suggest the Court confirm Mr. Alvarez has counsel. If he does not, the Court may be aware of other mechanisms for appointing counsel for a witness, but Plaintiffs believe it may be possible to do so pursuant to the Criminal Justice Act ("CJA"). The CJA provides that the Court has discretion to appoint counsel for certain financially eligible individuals "[w]henever the United States magistrate judge or the court the court determines that the interests of justice so require . . . ." 18 U.S.C. § 3006A(a)(2). The CJA Plan laid out by this district provides that the Court has authority to provide

representation for any financially eligible person who "has been called as a witness before . . . a court . . . which had the power to compel testimony, and there is reason to believe, either prior to or during testimony, that the witness could be subject to a criminal prosecution, a civil or criminal contempt proceeding, or face loss of liberty . . . ." C.D. Cal. General Order No. 13-09, Criminal Justice Act Plan, at ¶ IV (A)(2)(d) (https://www.cacd.uscourts.gov/sites/default/files/general-orders/GO-13-09.pdf) (Sept. 10, 2013); *see also*, United States Courts, Guide To Judiciary Policy, Guidelines for Administering the Criminal Justice Act and Related Statutes, Vol. 7A, Ch. 2, at § 210.20.20(c) (https://www.uscourts.gov/rules-policies/judiciary-policies/cja-guidelines/chapter-2-ss-210-representation-under-cja#a210_20) (last visited Sept. 27, 2023) ("Upon application of a witness before a grand jury, a court, the Congress, or a federal agency or commission which has the power to compel testimony, counsel may be appointed where there is reason to believe, either prior to or during testimony, that the witness could be subject to a criminal prosecution, a civil or criminal contempt proceeding, or face loss of liberty.").

      Presuming that Mr. Alvarez is financially eligible and that he does not otherwise have counsel representing him, the interests of justice would be served by appointing counsel to represent him for the purposes of his deposition in this case.

      **V.**    **Conclusion**

      Plaintiffs request that the Court deny the Motion to Quash and order Mr. Alvarez to confer with Plaintiffs to schedule a new date for his deposition, and that the deposition go forward. Additionally, Plaintiffs respectfully request that should the Court appoint counsel for Mr. Alvarez, the Court also set a status conference for the parties in 30 days time so the parties may confirm a new date for Mr. Alvarez's deposition has been set.

                                  Respectfully submitted,

Dated: September 27, 2023        NEUFELD SCHECK & BRUSTIN LLP

                                  By: /s/ *Anna Benvenutti Hoffmann*
                                        Anna Benvenutti Hoffmann*
NY Bar No. 4412011
anna@nsbcivilrights.com
 Nick Brustin         *
NY Bar No. 2844405
nick@nsbcivilrights.com
Mary Katherine McCarthy*
katie@nsbcivilrights.com
Katrina C. Rogachevsky*
katrina@nsbcivilrights.com
99 Hudson Street, 8th Floor
New York, New York 10013
Telephone: (212) 965-9081
Facsimile: (212) 965-9084
*admitted *pro hac vice*

SEAMUS LAW, APC

/s/ *Deirdre O'Connor*
Deirdre O'Connor
State Bar No. 169422
deirdre@seamuslaw.com
Matthew Christiana*
matt@seamuslaw.com
2370 W Carson St., Suite 235
Torrance, CA 90501
Telephone: (310) 780-4522
* admitted *pro hac vice*

*Counsel for Plaintiffs John Klene and Eduardo Dumbrique*

# PROOF OF SERVICE

I, Anna Benvenutti-Hoffmann, declare as follows:

At the time of service, I was over the age of 18 years and not a party to this action. My business address is 99 Hudson Street, 8th Floor, New York, New York 10013.

On September 27, 2023, I served the foregoing OPPOSITION TO THIRD PARTY SANTO SALAZAR ALVAREZ'S MOTION TO QUASH DEPOSITION SUBPOENA on the interested parties in this action via ECF:

MICHAEL D. ALLEN
mallen@lbaclaw.com
HRACH E. AGAZARYAN
hagazaryan@lbaclaw.com
LAWRENCE BEACH ALLEN & CHOI, PC
150 South Los Robles Ave., Suite 660
Pasadena, California 91101

Attorneys for Defendants Riggs,
Verdugo, O'Hara, and Merriman

Susan E. Coleman
scoleman@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
444 South Flower Street, Suite 2400
Los Angeles, CA 90071-2953

Attorney for Defendant
Marcella Winn

I declare under penalty of perjury under the laws of the United States of America and State of New York that the foregoing is true and correct.

Executed on September, 2023.

/s/ Anna Benvenutti-Hoffmann
Anna Benvenutti-Hoffmann